J. R. Swan, J.
Whether the report of referees is vacated by an appeal is not settled by any provision of law.
The code must be construed upon this question with a view to the laws in force relating to our system of practice.
The effect of an appeal of a cause tried by a jury is to vacate the submission to the jury, the verdict, and judgment; and the district court proceed in the action appealed, as if there had been no trial in the common pleas.. So, if the issues are submitted to the court of common pleas, and verdict and judgment rendered by the court, an appeal vacates the verdict and judgment.
Instead of submitting a case to a jury or the court, the code provides for a third mode of deciding the issues of fact and law: and this is by referees. The referees are substituted for the court and jury; and their province is to decide the facts of the case, if the facts only are submitted; or both the facts and the law of the case, if both are referred. Code, sec. 283. The trial before referees is oonducted in the same manner as a trial by the court on submis *119 sion. The evidence is not to be reduced to writing. All such exceptions, as could be made in the progress of a trial before the-court, may be taken by either party in a trial before referees; and it is only in case an exception is taken, that so much of the testimony as may be necessary to give point and ^effect to the exception must be embodied in the bill of exceptions. When the reference is to report facts only, the report has the effect of a special verdict; if the reference is of the facts and law, the facts and the conclusions of law are stated separately, and the report stands as the decision of the court, and judgment maybe entered thereon as if the action had been tried by the court. The decision of the referees, however, may be reviewed by the court.
These provisions of the code show very clearly that while the trial before referees is subject to the review and revision of the court ordering the reference, it is a substitute for a trial in court. The finding of the facts is, in effect, the special verdict of a j.ury. The conclusions of law of the referees stand as the law decision of the court; and if not set aside, a judgment follows of course.
Now, shall a special verdict of a jury, and the decision of the court thereon, be at once vacated by an appeal, and the report of facts and conclusions of law by referees be held intact on appeal? We can perceive no good reason for such a distinction. If it be deemed necessary for the ends of justice, that a suitor should be entitled, on his own mere motion, by appeal, to two jury trials, to determine the facts of the case, he ought not to be concluded by facts found by referees, when their finding is'a substitute only for, or takes the place of, a single jury trial. The unnecessary expense and delay growing out of a vacation of the report is certainly a very pressing reason against another trial of the facts in the district court; but this reason is equally formidable where there has been a trial and a special verdict of a jury in the court of common pleas.
The report of referees is vacated by an appeal; and the case stands for trial in the district court as if no reference or report had been made below.
The judgment of the district court must be reversed.
Bartley, C. J., and Brinkerhoee, BoWen, and Scott, J.J., concurred.